R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Christopher Wozniak*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER WOZNIAK, <br><br> Plaintiff, <br><br> v. <br><br> WARNER BROS. ENTERTAINMENT, INC., <br><br> Defendant, | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Christopher Wozniak ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for his Complaint against the defendant Warner Bros. Entertainment, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501. Plaintiffs seek damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is an individual doing business at 6 Winter Street, Lancaster, New Hampshire, 03584.

1

3. Defendant is a foreign business corporation registered with the State of New York and doing business at 1325 Avenue of The Americas, New York, New York 10019.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction and venue over Defendant are proper. Defendant is conducting business in this judicial district and is committing torts in this state, including without limitation the copyright infringement at issue here, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff and His Copyrighted Work**

7. Plaintiff is a writer and illustrator, whose critically acclaimed work has appeared in a number of comic books published by Marvel Comics Group and DC Comics, Inc., such as *Superman, Justice League*, *Excalibur*, *X-Men*, and *Hulk*, to name a few.

8. In 1990, Plaintiff authored the story he called at the time "The Ultimate Riddle" but later revised and called "The Blind Man's Hat" (herein after the "Copyrighted Work") involving a vulnerable and doubtful Batman enduring a series of trials set by the Riddler, who is characterized as an introverted serial killer and mass murderer. That same year, Plaintiff submitted the Copyrighted Work to Archie Goodwin, Editor at the DC Comics Batman Office,

for publication as a potential graphic novel for the *Elseworlds* series. The *Elseworlds* series was a DC Comics publication for stories that take place outside the established plot lines, back stories, and character tropes found in the DC Universe, the fictional universe where most stories published by DC Comics take place. Superheroes like Batman, Superman, Wonder Woman, The Flash, Green Lantern, Aquaman, and others exists in this universe, along with the DC Comics supervillains like the Joker, Lex Luthor, the Penguin, and, relevant here, the Riddler.

9. The Riddler, also known as Edward Nygma, is a super villain in the DC Universe. In the DC Universe, the Riddler grew up working at a carnival, a showman who puzzled patrons with his brain teasers. He discovers Batman to be his worthy adversary come at last, and embarks upon on a life of crime to tease Batman, and sometimes Robin, with sinister puzzles and criminal schemes to prove his intellectual superiority over Batman and the police of Gotham City. The Riddler in the DC Universe wears loud clothing, usually a domino mask and green unitard decorated with question mark prints or a green suit and bowler hat. He is typically theatrical and ostentatious.

10. In the DC Universe, Batman is the night-time alter ego of the playboy billionaire Bruce Wayne, whose butler, Alfred, assists Batman from their base of operations in a cave beneath Bruce Wayne's sprawling estate, Wayne Manor. Batman is dedicated to a crusade against crime in Gotham City in the name of his dead parents, who were murdered when he was a child. In the DC Universe, Batman has a perfectly trained body and mind. He is a self-assured, self-made superhero with uncanny physical prowess, and an arsenal of technological gadgetry to free him from the dangers of his crusade. He often relies on the help from a team of fellow costumed allies, like his side-kick Robin the Boy Wonder, Batgirl, the members of the Justice League, and others. Defeat at the hands of villains for Batman, in the DC Universe, is not

something Batman typically contemplates.

11. However, in the Copyrighted Work, Plaintiff creates a Batman character that is a vulnerable, poisoned man, whose arduous years of crime fighting have taken their toll on his aging frame. He is much more armored, a small man in a big suit, like Ironman, with more attachments. He has to rely on gadgets and guns more than his physical prowess. He lacks the dedication of the Batman in the DC Universe and doubts his ability to carry on as a crime fighter. He debates with his alter ego, Bruce Wayne, whether it is prudent to mislead Gotham City into believing he can be relied on.

12. The premise of the Copyrighted Work is the government and police have been overtaken by a criminal organization. Gotham City is completely and systematically corrupt. The systematically corrupt police and government officials are being paid off and controlled by a single source, a corrupt banking cartel. In the Copyrighted Work, this one organization controls everything in the police force and government. Protests against the corruption are rampant. There are riots and looting everywhere and martial law has been implemented. The city is broken.

13. Commissioner Gordan in the Copyrighted Work is called the last honest cop in Gotham City. Batman and Commissioner Gordan work together and are as close as they have ever been. Batman appears less as the brawns of the pair as in the DC Universe and more as a fellow detective. The two of them have little trust in the police force or government and team up together to solve the Riddler's crimes.

14. The Copyrighted Work opens at the scene of a grisly killing, where Batman finds a taunting note from the Riddler promising more killings to come. This is not the flashy, extroverted showman Riddler of the DC Universe but a lonely Riddler who has not been heard of

in 20 years. This Riddler character is characterized as a morbid loser, shunned by society, who is now a serial killer and mass murderer. He once found solace in a group home or commune as a younger man, along with others shunned by society, and led by a "Mystery Man" until the others in the group home are slaughtered. This slaughter causes the Riddler to experience a moment of clarity: he realizes his whole life has been preparing for a particular moment where he will solve the greatest riddle of all for everyone, "the Big Reveal" of the Afterlife.

15. The plot of the Copyrighted Work involves a series of mass killings that the Riddle causes, trials for Batman where the Riddler leaves a new riddle for Batman to solve at the scene of each of these killings. The answers combine into a cypher that when solved, will uncover the Riddler's "Big Reveal." In one of these trials, the Riddler has booby trapped the home of Commissioner Gordan's daughter, Barbara Gordan, with a firebomb. Batman finds out via a phone call, but it is too late to save her.

16. In another scene in the Copyrighted Work, the Riddler allows the police to take him, for the express purpose of confronting Batman face to face with his Big Reveal. Batman and Commissioner Gordan then interrogate the Riddler in his holding cell where they learn the Riddle is continuing to operate his criminal scheme and that he knows the Batman is Bruce Wayne. When the Riddler reveals he knows Batman is Bruce Wayne, Commissioner Gordan believes this is the Big Reveal and that only Batman is keeping Gotham from total destruction. If Batman's true identity is disclosed, even to a single prison guard, Gotham City will be lost. Commissioner Gordan believes this to be the Riddler's ultimate goal and releases the Riddler from his holding cell, believing this will save Gotham City.

17. There is a pivot to the plot in the Copyrighted Work as Batman does a more careful analysis of the cypher and sees that the Riddler's ultimate plan is not just to reveal

5

Batman's identity but to bring about Armageddon or total destruction with a Biblical plague. Riddler's motive for Armageddon is to restart his own version of a utopian society, because society shunned him and his kind.

18. In a final fight scene of the Copyrighted Work where Batman rushes to stop the Riddler from unleashing his plague, Batman, poisoned and weak, is incapacitated, and the Riddler is winning the fight. While Batman escapes the Riddler by gaining access to the Batmobile, he lies helpless and in need of the antidote, which he obtains in the end from Alfred.

19. At the end of the Copyrighted Work, Batman acknowledges his duality with the super villain, telling the Riddler that they are both in their own private hells. But in the end Batman learns he is a symbol for hope and he re-dedicates himself to saving Gotham City. It is then disclosed that the Joker, another super villain from the DC Universe, who is not seen or mentioned throughout the entire plot of the Copyrighted Work, appears at the end as the unnamed Mystery Man who has secretly masterminded the Riddler's entire scheme by anonymously befriending and radicalizing the Riddler.

**B.     The Copyrighted Work is an Original Work of Authorship Created by Plaintiff.**

20. The Copyrighted Work is an original work of authorship created by Plaintiff.

21. Plaintiff has obtained a certificate of registration from the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit A is a copy of the certificate for registration obtained from the United States Copyright Office.

22. Plaintiff's portrayal of Gotham City's government and police force as controlled by a single entity, totally corrupt, unreliable, and dangerous is an original expression of the idea of Gotham City.

23. Plaintiff's portrayal of Gotham City in the throes of civil unrest, in complete

economic collapse, the Banks gone "Broke" and the citizens violently rioting against the banks is an original expression of the idea of Gotham City.

24. Plaintiff's portrayal of Gotham City with citizens organized by the Riddler whose picket signs are displayed in the crowd at a crime scene is an original expression of the idea of Gotham City.

25. Plaintiff's portrayal of Batman as vulnerable and physically weak, a little man, is an original expression of the idea of Batman.

26. Plaintiff's portrayal of Batman as doubting his dedication to crime fighting, and contemplating quitting his crusade on crime, is an original expression of the idea of Batman.

27. Plaintiff's portrayal of Bruce Wayne thinking of abandoning the Wayne Foundation is an original expression of the idea of Bruce Wayne.

28. Plaintiff's portrayal of Batman as more of a human detective and less of a superhero with uncanny physical prowess is an original expression of Batman.

29. Plaintiff's portrayal of Batman as drugged up and poisoned is an original expression of the idea of Batman.

30. Plaintiff's portrayal of Bruce Wayne as planning to abandon the Wayne Foundation is an original expression of the idea of Batman.

31. Plaintiff's portrayal of the Riddler as a loner-serial killer and mass murderer is an original expression of the idea of the Riddler.

32. Plaintiff's creation of the scene of the Riddler surrendering to the police to confront Batman to reveal the Riddler knows he is Bruce Wayne is an original creation.

33. Plaintiff's creation of the different scenes whereby the Big Reveal is made through answers to the riddles at each the mass killings that, when combined into a cypher,

reveal that the Riddle knows Batman is Bruce Wayne is an original creation.

34. Plaintiff's creation of the scenes of Batman and Commissioner Gordan interrogating the Riddler in his holding cell and learning that the Riddle knows Batman is Bruce Wayne is an original creation.

35. Plaintiff's creation of a pivot to the plot as Batman does a more careful analysis of the cypher and sees the Riddler's ultimate plan is not merely to reveal the identify of Batman but to bring about Armageddon or total destruction with a Biblical plague.

36. Plaintiff's creation of an ending to his story where the Joker is revealed to be the unseen mastermind who has anonymously manipulated the Riddler to commit his crimes is original expression of the idea of what motivates the Riddler.

**C.     Defendant's Access to the Copyrighted Work**

37. Defendant had access to the Copyrighted Work as a result of Plaintiff's original submission of an earlier version of the Copyrighted Work to Archie Goodwin at DC Comics, Inc., who was the editor of the Batman comics in 1990. DC Comics was a unit of DC Entertainment, which is now a subsidiary, along with Defendant, of Warner Bros. Discovery, Inc. This version did not include the surprise ending where the Joker is revealed as the Mystery Man; that ending was added in 2002.

38. Defendant had further access to the Copyrighted Work as a result of Plaintiff's submission of the Copyrighted Work to various writers and illustrators at DC Comics, Inc. on numerous occasions from 1990 to 2017.

39. Defendant had further access when, in 2002, after Archie Goodwin had passed away, Plaintiff resubmitted the Copyrighted Work by email to DC Comics Batman Office for publication.

40. Defendant had further access when, in 2008, at the New York Comic Convention, Michael Uslan approached Plaintiff's booth and asked for a complimentary copy of Plaintiff's comic book, Barren Soil. Michael Uslan said he was a film producer that was, always looking for good stories, and gave Plaintiff his business card. After the convention, Plaintiff discovered that Michael Uslan produced Defendant's Batman films so Plaintiff submitted the Copyrighted Work to Michael Uslan explaining the Copyrighted Work was considered but not done at DC Comics and that it would make a fantastic Batman film.

41. Four months after Plaintiff submitted the Copyrighted Work to Michael Uslan, Plaintiff noticed multiple articles in film industry websites and magazines claiming producers at Warner Brothers were pushing Director Christopher Nolan and screenwriter David Goyle to do a Batman where the Riddler was a serial killer.

42. Upon information and belief, after having access to the Copyrighted Work, Defendant pressed very hard for its Batman directors to use the Copyrighted Work in a Batman movie, or substantial portions of the Copyrighted Work, in a Batman Movie.

**D.  Defendant's *The Batman* Movie is Substantially Similar to the Copyrighted Work**

43. Long after its access to the Copyrighted Work, Defendant, in March of 2022, premiered the motion picture *The Batman* ("Defendant's Movie"). Plaintiff was stunned to see such a large portion of his story copied in the Defendant's Movie in some form or other, as if nothing of his was absent in Defendant's Movie.

44. Defendant's Movie is substantially similar to the Copyrighted Work because Defendant copies original, protective elements from the Copyrighted Work, including, but not limited to, the following examples.

45. Defendant copied Plaintiff's portrayal of Gotham City's government and police as

totally corrupt, unreliable, and a dangerous threat to Batman and Commissioner Gordon. Plaintiff's portrayal of Gotham City's government and police force as totally corrupt, unreliable, and a dangerous threat to Batman and Commissioner Gordon is an original expression of the idea of threats to Batman and Commissioner Gordon.

46. Another example of copying in Defendant's Movie is in the scene where John Turturro is being led out in cuffs by Commissioner Gordon and Turturro says that nothing will happen to him because all the cops in Gotham work for him, but Commissioner Gordon swings the doors open and there is a small faction of police officers waiting outside that are still loyal to him. This scene is copied from an original expression of the Copyrighted Work. In the Copyrighted Work, all the police are also corrupt, but in a scene where Batman is being overwhelmed, Barbara Gordon dispatches a small faction of police officers still loyal to Commissioner Gordon to help Batman.

47. Defendant copied Plaintiff's portrayal of Gotham City in the throes of civil unrest and riots and broke. Plaintiff's portrayal of Gotham City in the throes of civil unrest and riotsand broke is an original expression of Gotham City.

48. Another example of copying in Defendant's Movie is the scene where the District Attorney crashes his car into a funeral with a bomb strapped around his neck, an event staged by the Riddler, and all the protesters outside the funeral are holding signs with Riddler symbols and quotes on them. This scene is copied from an original expression of the Copyrighted Work.

49. Another example of copying in Defendant's Movie occurs in the scene where citizens of Gotham City are rioting and smash a window marked "Bank" and throw a Molotov cocktail inside. They run from the building which has a "Bank of Gotham" sign out front and the word "BROKE" is spray-painted across the building in giant letters. This scene is copied from an

10

original expression of the Copyrighted Work.

50. Defendant copied Plaintiff's expression of Batman as vulnerable, physically weak, a little man doubting his dedication to crime fighting, and contemplating quitting his role as the Batman. Plaintiff's portrayal of Batman as vulnerable, physically weak, a little man doubting his dedication to crime fighting, and contemplating quitting his role as the Batman is an original expression of the idea of Batman.

51. Defendant copied Plaintiff's expression of the idea of Batman as more of a human detective and less of a superhero with uncanny physical prowess and working in tandem with Commissioner Gordon. Plaintiff's portrayal of Batman as more of a human detective and less of a superhero with uncanny physical prowess and working in tandem with Commissioner Gordon is an original expression of the idea of Batman.

52. Defendant copied Plaintiff's expression of the idea of Bruce Wayne thinking of abandoning Wayne Foundation. Plaintiff's portrayal of Bruce Wayne thinking of abandoning Wayne Foundation is an original expression of the idea of Bruce Wayne.

53. Defendant copied Plaintiff's expression of the idea of Batman as dope sick. Plaintiff's portrayal of Batman as dope sick is an original expression of the idea of Batman.

54. Another example of copying in Defendant's movie is a scene where Alfred is fire-bombed by the Riddler with a boobytrap and Batman finds out via a phone call but it is too late to stop it. This scene is copied from an original expression in the Copyrighted Work.

55. Another example of copying in Defendant's movie is a scene where the Riddler hides in the shadows while Alfred is attending a food tray before the Riddler strikes him from behind, rendering him unconscious, and, while Alfred is out and helpless, the Riddler strikes him over and over and over again (three times). This exact scene is given to the Mayor (the first

11

killing in the film) but in the film the Mayor is attending a drinks tray, not a food tray, and is even hit three times while he's down.

56. Defendant copied Plaintiff's expression of the idea of the Riddler as a loner and loser. Plaintiff's portrayal of the Riddler as a loner and loser is an original expression of the idea of the Riddler.

57. Defendant copied Plaintiff's expression of the idea of the Riddler as a serial killer. Plaintiff's portrayal of the Riddler as a lonely serial killer is an original expression of the idea of the Riddler.

58. Defendant copied Plaintiff's expression of the idea of the Riddler as not being ostentatious and theatrical. Plaintiff's portrayal of the Riddler as not being ostentatious and theatrical is an original expression of the idea of the Riddler

59. Defendant copied Plaintiff's expression of the idea of the Riddler as having been nurtured in a group home. Plaintiff's portrayal of the Riddler as having been nurtured in a group home is an original expression of the idea of the Riddler.

60. Defendant copied Plaintiff's expression of the idea of the Riddler as having been damaged by his experience in a group home. Plaintiff's portrayal of the Riddler as having been damaged by his experience in a group home is an original expression of the idea of the Riddler.

61. Defendant copied Plaintiff's creation of the scene of the Riddler allowing the police to capture him so that he may confront Batman. Plaintiff's creation of the scene of the Riddler allowing the police to capture him so that he may confront Batman face to face is an original creation.

62. Defendant copied Plaintiff's creation of a Riddler that kills by poisoning. Plaintiff's creation of a Riddler that kills by poisoning is an original expression of the idea of the

Riddler.

63. Defendant copied Plaintiff's creation of the scene of the Riddler allowing the police to capture him so that he may tell Batman, face to face, that Riddle knows Batman is Bruce Wayne.  Plaintiff's creation of the scene of the Riddler allowing the police to capture him so that he may tell Batman, face to face, that Riddle knows Batman is Bruce Wayne is an original creation.

64. Another example of copying in Defendant's Movie is in the scene where Batman is interrogating the Riddler in his holding cell, and the Riddler tells Batman that he is an integral part of the Riddler's plan.  Batman doesn't understand and the Riddler gets angry, stating Batman is not as smart as he gave him credit for because he doesn't see the bigger picture.  This scene is copied from an original expression of the Copyrighted Work.

65. Defendant copied Plaintiff's creation of the scene of the Riddler, from a holding cell, revealing that Riddle knows Batman is Bruce Wayne.  Plaintiff's creation of the scene of the Riddler, from a holding cell, revealing that Riddle knows Batman is Bruce Wayne is an original creation.

66. Another example of copying in Defendant's movie is a scene in the holding cell where the Riddler explains to Batman and Commissioner Gordon that they are included in his clues, and the Riddler gets angry at Batman for not being as smart as he gave him credit for.  This scene is copied from an original expression of the Copyrighted Work.

67. Defendant copied Plaintiff's creation of the Big Reveal whereby a series of answers to the riddles at each the mass killings cause by the Riddler, when combined into a cypher, reveal that Riddle knows Batman is Bruce Wayne.  Plaintiff's creation of the Big Reveal whereby a series of answers to the riddles at each the mass killings cause by the Riddler, when

combined into a cypher, reveal that Riddle knows Batman is Bruce Wayne is an original creation.

68. Defendant copied Plaintiff's creation of a scene of the Riddler operating his criminal scheme against Batman from a holding cell. Defendant copied Plaintiff's creation of a scene of the Riddler operating his criminal scheme against Batman from a holding cell is an original creation.

69. Defendant copied Plaintiff's creation of the Riddler and Batman operating in their own private hells. Plaintiff's creation of the Riddler and Batman operating in their own private hells is an original expression of the idea of the torment facing Batman.

70. Defendant copied Plaintiff's pivot to the plot where Riddler's ultimate plan is not to merely reveal the true identity of Batman but to also bring about Armageddon or total destruction of Gotham City in a Biblical manner. Plaintiff's pivot to the plot where Riddler's ultimate plan is not to merely reveal the true identity of Batman but to also bring about Armageddon or total destruction of Gotham City in a Biblical manner is an original creation.

71. Another example of copying in Defendant's Movie are the scenes when Commissioner Gordon assumes the Riddler's end plan was to expose Batman's identity, but Batman examines the clues more closely and realizing it isn't over, that there is a much bigger plan, to kill everyone, is already set in motion.

72. Defendant copied Plaintiff's ending where the Joker is revealed to be the unseen mastermind who has anonymously manipulated the Riddler to commit his crimes. Plaintiff's ending where the Joker is revealed to be the unseen mastermind who has anonymously manipulated the Riddler to commit his crimes is an original expression of the idea of the Riddler.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement By Defendants)**
**(17 U.S.C. § 101 *et seq*.)**

73. Plaintiff realleges the above-paragraphs and incorporate them by reference as if fully set forth herein.

74. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

75. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

76. As a result of Plaintiff's distribution and display of the Copyrighted Work to Defendant, Defendant had access to the Copyrighted Work prior to the creation of the Defendant's Movie.

77. By its actions, as alleged above, Defendant, or any agents acting on their behalf, directly infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, publicly performing, and publicly displaying the Defendant's Movie.

78. Defendant's Movie is substantially similar to and copied from, the Copyrighted Work.

79. The infringement of Plaintiffs' copyrights is willful and deliberate because Defendant knew or should have known it needed and did not have permission to use Plaintiff's Copyrighted Work but did so anyway, and continue to do so, profiting at the expense of Plaintiff.

80. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is, pursuant to 17 U.S.C. § 504(b), entitled to recover actual damages resulting from Defendant's uses of the Copyrighted Work without

paying license fees, in an amount to be proven at trial.

81. In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, amounts will be proven at trial.

82. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement by Defendants)

83. Plaintiff realleges the above-paragraphs and incorporate them by reference as if fully set forth herein.

84. As an alternative theory to their direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above by providing the website and servers on which the infringements occur.

85. By their actions, as alleged above, the Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

86. The foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate in that Defendant knew or should have known they did not have permission to use Plaintiff's Copyrighted Work but continued to infringe the Copyrighted Work anyway and profited at the expense of Plaintiff.

87. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

88. In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the Defendant's profits from infringement of the Copyrighted Work, amounts will be proven at trial.

89. The Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court.

90. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement by Defendant)

91. Plaintiff realleges the above paragraphs and incorporate them by reference as if fully set forth herein.

92. As an alternative theory to its infringement claims above, to the extent any of the Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendant each had the right or ability to control the direct infringement described above.

93. As a result of each of the Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

94. Defendant had a direct financial interest in the reproduction, distribution and public display of the Initial Copyrighted Work and Defendant benefitted from that direct

infringement.

95. As a direct and proximate result of the Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

96. In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

97. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed, publicly performed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court

finds appropriate to deter any future infringement;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiffs' or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 20, 2022

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff
Christopher Wozniak*