**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER WOZNIAK,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC.,<br><br>Defendant. | Civil Action No. 22-cv-08969 (PAE) |
| DC COMICS,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>CHRISTOPHER WOZNIAK,<br><br>Third-Party Defendant. | |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Order—including without limitation the Parties (including their respective corporate parents, successors, and assigns), their

{F5072435.1}

representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order will adhere to the following terms. Failure to adhere to the terms of this Protective Order may constitute contempt of Court.

1. **Non-Disclosure of Discovery Material.** With respect to "Discovery Material" (i.e., documents, information or materials of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" (collectively, "Confidential Discovery Material") pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. **Confidential Material.** The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of non-public financial information, trade secrets, proprietary business information, competitively sensitive information, information of a personal or intimate nature regarding any individual, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party, the conduct of that party's business, or the business of any of that party's employees, customers or clients, or any other category of information the Court subsequently affords confidential status.

3. **Persons Authorized to Receive Confidential Material.** Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) those directors, officers, in-house counsel and employees of the Parties who counsel in good faith believes must review the Confidential Material in order to make informed decisions about litigation and trial strategy and/or settlement; the Parties' insurers, and counsel to the Parties' insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

(e) the author, addressee, or any other person indicated on the face of a document as having received a copy of the document;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

(g) any person a Party retains to serve as an expert witness or who otherwise provides specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit "A' hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

4. **Non-Disclosure Agreement.** Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 3(d), 3(f), or 3(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement. Counsel shall hold the executed Non-Disclosure Agreement in escrow and, upon request, shall produce

it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

5. **Highly Confidential – For Attorneys' Eyes Only Material.** A Producing Party may designate as "Highly Confidential – For Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of extremely sensitive, highly confidential, non-public information consisting of either trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

6. **Persons Authorized to Receive Attorneys' Eyes Only Material.** Any Discovery Material designated "Highly Confidential - For Attorneys' Eyes Only" may only be shared with or disclosed to the persons designated in paragraphs 3(b), 3(c), 3(e), 3(h) and 3(i), as well as in-house litigation counsel and one (1) in-house business counsel for each party whose review of such materials is necessary for, and who is the primary responsible litigator for the management of, this action; and, subject to P       4, Paragraphs 3(d) and 3(g).

7. **Use of Confidential Discovery Information.** Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8. **Marking Confidential Discovery Material.** With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – For Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly

Confidential – For Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

9. **Designating Deposition Transcripts.** A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order – For Attorneys' Eyes Only"; or (b) notifying the reporter and all counsel of record, in writing, within 15 business days of receipt of the final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – For Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

10. **Previously-Produced Discovery Material.** If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential – For Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order shall treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – For Attorneys' Eyes Only.

11. **Filing of Confidential Discovery Information.** Where Confidential Discovery Material will be summarized, quoted from, referred to, or attached as an exhibit to any papers to be filed in Court, the filing party shall present an application in accordance with Rule 4.B of the Individual Rules for the Honorable Paul A. Engelmayer to file the Confidential Discovery Material under seal.

12. **No Waiver or Ruling.** Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

13. **Disputes Regarding Confidentiality.** If a Party believes that Confidential Discovery Material designated or sought to be designated "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" does not warrant such designation, it shall notify the Producing Party of its objection in writing, and make a good faith effort to resolve such dispute by meeting and conferring with counsel for the Producing Party. In the event such a dispute is not resolved, the party challenging the designation may apply to or move the Court to remove the designation. In the event of such application or motion, the party designating the Discovery Material as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" shall have the burden of proof to establish confidentiality. Such Discovery Material shall be treated in accordance with its designation, pending a ruling from the Court. If the designation is voluntarily withdrawn or successfully challenged, the Producing Party shall re-produce the material without the challenged designation, if so requested.

14. **Use at Trial.** Procedures governing the use of Confidential Discovery Information at trial, or any hearing or oral argument, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial, pre-hearing or pre-argument conference.

15. **Inadvertent Disclosure.** Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. Such inadvertent disclosure shall not be a waiver of the applicable privilege or immunity. Upon receiving notice that such an inadvertent disclosure has taken place, the receiving party may not use or rely on any information in the disclosure for any purpose. The receiving party shall return such

inadvertently produced documents, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

16. **Compliance with Subpoenas and Other Compulsory Processes.** Nothing in this Order shall prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party shall bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. **Conclusion of Litigation.** Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. **Protective Order Remains in Force.** This Order shall survive the termination of the litigation and shall continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. **Continuing Jurisdiction.** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:
New York, New York
April 13, 2023

_Paul A. Engelmayer_
Hon. Paul A. Engelmayer
United States District Judge

Counsel for the Parties:

RATH, YOUNG & PIGNATELLI, P.C.

By: _____
R. Terry Parker
120 Water Street, Second Floor
Boston, MA 02109
Tel: 603.226.2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff and Third-Party Defendant Christopher Wozniak*

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
James D. Weinberger
Kimberly B. Frumkin
151 West 42nd Street, 17th Floor
New York, NY 10036
Tel: 212.813.5952
Email: jweinberger@fzlz.com
kfrumkin@fzlz.com

*Attorneys for Third-Party Plaintiff DC Comics and Defendant Warner Bros. Entertainment Inc.*

## EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I have read the attached Stipulated Protective Order ("Order") entered in the action styled *Christopher Wozniak v. Warner Bros. Entertainment, Inc.*, Case No. 22-cv-08969 (PAE), which currently is pending in the United States District Court, Southern District of New York;

I agree to comply with and be bound by the provisions of that Order; and

I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use, except as authorized by the Order, any Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I consent to the jurisdiction of the United States District Court, Southern District of New York for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

My name is _____

My address is _____

_____

My present employer is _____

Dated: _____

Signed: _____