

151 West 42nd Street, 17th Floor
New York, NY 10036

**James Weinberger**
Partner

T 212.813.5952
jweinberger@fzlz.com

June 16, 2023

**BY ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for
  the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Wozniak v. Warner Bros. Entertainment Inc.*, No. 1:22-cv-8969-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

We are counsel to defendant Warner Bros. Entertainment Inc. ("Warner Bros") and third-party Plaintiff DC Comics in the above-referenced action. We write in opposition to plaintiff and third-party defendant Christopher Wozniak's ("Wozniak") June 12, 2023 letter motion to compel the production of certain documents by Warner Bros. (the "Wozniak Letter Motion," Dkt. No. 34). Because Warner Bros. has already produced or will soon produce documents (the screenplay and a copy of *The Batman* as well as any non-privileged documents referencing Wozniak or the allegedly infringed work) that satisfy its obligations, and because there are less burdensome means of obtaining the information Wozniak seeks, the motion should be denied.

DC Comics owns all rights under copyright in thousands of Batman comics and other works, and Warner Bros. is its licensee for exploitation of those rights in motion pictures. Wozniak alleges copyright infringement by Warner Bros. for its purported use of Wozniak's Batman story *The Blind Man's Hat* aka *The Ultimate Riddle* (the "Wozniak Story") in its 2022 film *The Batman*. Warner Bros. denies the claim as a review of the Wozniak Story to the film reveals no similarity in expression which could be owned by Wozniak. DC Comics asserts its own claim for copyright infringement against Wozniak who had no authorization to create the Wozniak Story in the first place, rendering any claimed copyright invalid as the Copyright Act provides that copyright cannot subsist in any work prepared unlawfully.

Wozniak served requests for documents on Warner Bros. on February 15, 2023 (Wozniak Letter Motion Ex. A) seeking not merely copies of the allegedly infringing work and any documents relating to Wozniak and his story, *see* RFP 3-6, 36-39, but wide-ranging and open-ended

T 212.813.5900 F 212.813.5901     frosszelnick.com / Fross Zelnick Lehman & Zissu, P.C.

{F5149480.1 }

Hon. Paul A. Engelmayer, U.S.D.J.
June 16, 2023
Page 2

requests seeing documents about various story and plot elements Wozniak claims are present in both the Wozniak Story and *The Batman*, see RFP 9-35 and 41-48 (defined as the "Outstanding Requests" in the Wozniak Letter Motion). Warner Bros. served timely objections and responses to the document production requests on March 17 (Wozniak Letter Motion Ex. B). Subsequently, it produced the final screenplay for *The Batman*[1] as well a copy of the film itself, as noted in the Wozniak Letter Motion. What the motion omits, however, is that Warner Bros.' searched emails of relevant custodians involved with *The Batman* for terms associated with Wozniak (his name, the various titles of the Wozniak Story, etc.) and, as it has advised counsel, found only a few communications which mention his name, none from the time period in which *The Batman* was conceived or created.

Wozniak's characterization of Warner Bros.' objections to the Outstanding Requests as "boilerplate" is incorrect because it treats them in isolation. Given Wozniak's *other* requests and what Warner Bros. has produced or agreed to produce, the Outstanding Requests are overbroad and unduly burdensome because they seek all documents regarding *The Batman* which referenced not merely Wozniak or the Wozniak Story but rather broad concepts like "Gotham" (RFP 10), "Batman" and "Bruce Wayne" (RFP 11), "police" and "corruption" (RFP 12), "Alfred" (RFP 14), "serial killers" (RFP 17), and "Batman's true identity" (RFP 20), the relationship between the Joker and the Riddler (RFP 30), civil unrest, riots and protests (RFP 31), the Riddler (RFP 41), the Joker (RFP 42), Batman (RFP 43) and Commissioner Gordon (RFP 44) among many, many others. In other words, Wozniak seeks all documents concerning the creation and production of *The Batman* despite the fact that he has already requested and Warner Bros. has produced or agreed to produce copies of the screenplay and film along with all documents concerning Wozniak and the Wozniak Story. Given this context, Warner Bros. is well-justified in its objections.

Wozniak does not argue that he needs these additional materials because they are relevant to any claim of similarity between the Wozniak Story and *The Batman*; nor could he, since he is already in possession of both and should need nothing further to undertake the necessary legal analysis. Nor has he – as counsel for Warner Bros. requested during the parties' meet and confer, *see* note 1, *supra*) – identified any specific expression common to both works that might justify a further dive into a discussion of specific plot lines or story elements.[2] Rather, he claims that the documents sought are likely to lead to the discovery of admissible evidence concerning a second element of a copyright claim, namely, Warner Bros.' alleged access to the Wozniak Story.

The problem with this position is twofold. First, it completely ignores the fact that Warner Bros. has already advised Wozniak that it has not located any communications relating to Wozniak or

---

[1] Warner Bros. also produced, on request from Wozniak, the first draft of the screenplay. When Wozniak sought additional drafts, Warner Bros. said that it would consider any request from production for those interim drafts upon a showing from Wozniak as to why any specific changes made from the first draft to the final version could have any bearing on his claim. Wozniak did not come forward with any such reason or justification, instead choosing to file his motion.

[2] A reading of the Wozniak Story and the screenplay and viewing of *The Batman* reveals that the *only* similarities between the two are that they both utilize characters and concepts from DC Comics' Batman universe, Warner Bros. under license and Wozniak without authorization. Warner Bros. and DC Comics will be seeking summary judgment on these and other grounds following the close of discovery.

Hon. Paul A. Engelmayer, U.S.D.J.
June 16, 2023
Page 3

the Wozniak Story from the time period in which *The Batman* was conceived or created. Second, as is plain from the lengthy discussion on page 3 of the Wozniak Letter Motion, Wozniak's theory of the timing and sequence of the creation of *The Batman* justifying the claimed need for further production – including the role of Michael Uslan, with whom Wozniak claims to have shared his story (though he has produced no proof of that himself) – is based not on discovery or testimony from Warner Bros., but rather on a hodgepodge of publicly available and untrustworthy articles and videos about *The Batman* taken from the internet, most of which are wrong. For example, Wozniak claims that he requires discovery regarding a prior screenplay, also entitled *The Batman*, written by Ben Affleck. But as Warner Bros.' counsel advised Wozniak's counsel during the parties' meet and confer, the only relationship between the Affleck project and *The Batman* film which is the subject of this action was that they were both named *The Batman* and were scripts for Batman films. Other than the fact that it was never made into a film, the Affleck project is no different from prior Batman projects by Tim Burton (in the 1980s) or Christopher Nolan (in the early 2000s): they are totally unrelated to the 2022 film that is the subject of the claim other than that they were Batman projects or films of Warner Bros. under license from DC Comics. During the parties' meet and confer, counsel for Warner Bros. offered to respond to a contention interrogatory to confirm this if Wozniak was unwilling to simply depose the relevant witnesses and find out for himself, but he refused, instead choosing seek relief from the Court.

Given what Warner Bros. has already produced or agreed to produce, Wozniak's failure to disclose that production to the Court, the nature of the Outstanding Requests and Warner Bros. practical and efficient offer to provide a witness or interrogatory response to confirm what it has advised counsel, the Wozniak Letter Motion should be denied. Not only has Wozniak failed to show that the information he is seeking is relevant, but Warner Bros. has demonstrated that his efforts to seek unrestricted production in response to the Outstanding Requests would be disproportionate to the needs of the case under Rule 26(b)(1).

We appreciate the Court's attention to this matter.

Respectfully submitted,

James D. Weinberger

cc:

The Court has received the parties' letters at dockets 34 and 36.  Under Federal Rule of Procedure 26, the Court has broad discretion to weigh the proportionality of discovery.  *See During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC), 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006).  The Court denies plaintiff's discovery request in its current form.  Defendant rightly objects to plaintiff's requests—which seek, for example, "[a]ll documents concerning" broad concepts such as "looting," Batman," "identity," "police," and "big reveal"—as overbroad.  *See, e.g.*, Dkt. 34-1 at 10.  And defendant represents above that it has searched its records from the relevant time period for documents discussing Wozniak and found none, Dkt. 34-2 at 6, and that the Affleck project was not related to the film at issue here.

However, this denial is without prejudice to plaintiff's right to make a significantly narrower request for document discovery enabling him to test defendant's denials without imposing nearly so substantial a burden.  For example, plaintiff may wish to propose, and the parties may wish to negotiate, a request targeted to a brief period around the time of the alleged infringement that seeks records containing a very limited number of key search terms.  The Court's review is that a request along such lines has the potential to be proportionate and productive.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 34.  SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
June 21, 2023