Case 1:22-cv-08969-PAE   Document 47   Filed 08/16/23   Page 1 of 2



151 West 42nd Street, 17th Floor
New York, NY 10036

**James D. Weinberger**
Partner

T 212.813.5952
jweinberger@fzlz.com

August 16, 2023

**BY ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for
  the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Wozniak v. Warner Bros. Entertainment Inc.*, No. 1:22-cv-8969-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

We are counsel to Defendant Warner Bros. Entertainment Inc. ("Warner Bros") and Third-party Plaintiff DC Comics in the above-referenced action. We write in further support of our clients' August 15, 2023 letter motion to compel (Dkt. 45), namely, to respond to Plaintiff Christopher Wozniak's response of earlier today (Dkt. 46).

As an initial matter, we take issue with counsel's characterization of our letter motion as reaching beyond the bounds of zealous advocacy. The letter states the facts – none of which are in dispute – plainly and directly and seeks relief provided for in Federal Rule of Civil Procedure 37, no more.

In addition, we reject Mr. Wozniak's effort to turn the tables and argue that Warner Bros. and DC Comics were somehow at fault for failing to meet and confer. As is clear from the parties' correspondence (Aug. 15 letter, Ex. B), our clients made multiple efforts to obtain responses or hold a meet and confer which were either rebuffed or ignored, the most recent being August 8, 2023, a communication to which counsel *never responded*. Given this, the idea that our clients somehow owed an additional obligation to raise the issue again at a deposition before seeking relief from the Court makes no sense. As for compliance with Local Rule 37.2, our clients' conduct and letter motion follows the guidance set forth in Section 2.C. of this Court's Individual Rule and Practices in Civil Cases, which as noted therein *modifies* Local Rule 37.2 to eliminate the pre-motion letter and conference requirement.

Moreover, while Mr. Wozniak seeks to portray the dispute as resolved by his late service of interrogatory responses today, he fails to note that the responses (a copy is attached as Exhibit A)

T 212.813.5900 F 212.813.5901          **frosszelnick.com** / Fross Zelnick Lehman & Zissu, P.C.

{F5223677.1 }

Hon. Paul A. Engelmayer, U.S.D.J.
August 16, 2023
Page 2

are rife with both general and specific objections, the former of which are improper and all of which are untimely in any event under Federal Rule of Civil Procedure 33. Mr. Wozniak's response fails to address the issue at all, effectively conceding the point. Given this, Warner Bros. and DC Comics maintain their motion to the extent it seeks an order from the Court that the untimely objections are waived.

Finally, Warner Bros. and DC Comics' motion for sanctions should be granted. While Mr. Wozniak's letter repeats previous excuses for the delayed responses, he fails to answer the question of why, after weeks of communications seeking a date certain by which responses would be provided and to our last communication for over a week, responses were only served *after* Warner Bros. and DC Comics went through the time and expense of seeking relief from the Court. This alone justifies the request.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ James D. Weinberger*
James D. Weinberger

Exhibit

The Court has received the parties' letters regarding plaintiff's failure to respond to defendant Warner Bros. and third-party plaintiff D.C. Comics' (collectively, "Warner Bros.") interrogatories in the time prescribed by Federal Rule of Civil Procedure 33. See Dkts. 45-47. Warner Bros. seeks an order compelling plaintiff to respond, deeming all objections to its interrogatories waived, and imposing sanctions. Dkt. 45. Plaintiff represents that, as of today, he has produced his responses to Warner Bros.'s contention interrogatories, Dkt. 46. See Dkt. 47-1. The Court, accordingly, denies Warner Bros.'s motion to compel as moot. See Dkt. 45.

In light of the content of plaintiff's response, to the extent that plaintiff raises objections, the Court deems them waived. Under Rule 33, a party must answer or object to interrogatories and document requests "within 30 days after being served" with them, absent a stipulation or court order modifying that deadline. Fed. R. Civ. P. 33(b)(4). Untimely objections to interrogatories are waived "unless the court, for good cause, excuses the failure." *Id.* Here, plaintiff's responses are more than 30 days overdue. And plaintiff's explanations do not excuse that delay. He points to the fact that, on July 28, 2023, he informed Warner Bros. that he was "having technical issues with the transfer of various film clips." Dkt. 45-2 at 2. Plaintiff does not explain, however, why this technical issue inhibited him from responding to Warner Bros. interrogatories, or why he failed to respond to Warner Bros.'s interrogatories for more than three weeks thereafter. The general deadline for fact discovery of September 8, 2023 does not excuse plaintiff's failure to respond, either. Further, insofar as plaintiff objects that Warner Bros.'s letter was premature because Warner Bros. failed to meet and confer with him, see Dkt. 46 at 2, it appears from the parties' email correspondence that it was plaintiff—not Warner Bros.—who demurred from scheduling such a meeting. See Dkt. 45-2 at 2-3.

The Court denies Warner Bros.'s motion for sanctions as premature, without prejudice to Warner Bros.'s right to renew that motion at a later time. The Court expects counsel to complete any outstanding discovery cooperatively and fully and without the need for court intervention.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
August 17, 2023