**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CHRISTOPHER WOZNIAK,

        Plaintiff,

        v.

WARNER BROS. ENTERTAINMENT INC.,

        Defendant.

                                Case No. 1:22-cv-08969-PAE

DC COMICS,

        Third-Party Plaintiff,

        v.

CHRISTOPHER WOZNIAK,

        Third-Party Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
WARNER BROS. ENTERTAINMENT INC. AND
<u>DC COMICS' MOTION FOR SUMMARY JUDGMENT</u>**

James D. Weinberger (jweinberger@fzlz.com)
Kimberly B. Frumkin (kfrumkin@fzlz.com)
Andrew Nietes (anietes@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
(212) 813-5900

*Counsel for Defendant Warner Bros. Entertainment
Inc. and Third-Party Plaintiff DC Comics*

{F5366575.3 }

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.    DC COMICS' COPYRIGHT CLAIM AGAINST WOZNIAK ......................................... 2

      DC Comics' Ownership of Batman is Beyond Dispute ........................................................ 2

      The Story Copied Protectable Batman Elements ................................................................. 3

II.   WOZNIAK'S CLAIMS AGAINST WARNER BROS. ...................................................... 7

      Independent Creation is Undisputed ................................................................................... 7

      Wozniak Cannot Establish Ownership ................................................................................ 7

      Wozniak Cannot Establish Access ...................................................................................... 8

      Wozniak Cannot Establish Similarity ................................................................................. 8

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

### **CASES**

*Anderson v. Stallone*,
    11 U.S.P.Q.2d 1161 (C.D. Cal. 1989)..............................................................................4, 5

*Arista Records LLC v. Lime Group LLC*,
    06-CV-5936 (KMW), 2011 WL 1641978 (S.D.N.Y. Apr. 29, 2011) ................................3

*Hartmann v. Amazon.com, Inc.*,
    20-CV-4928 (PAE), 2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021) ..................................3

*Lee v. United States*,
    895 F.3d 1363 (Fed. Cir. 2018)..........................................................................................6

*Muller v. Anderson*,
    501 F. App'x 81 (2d Cir. 2012) .........................................................................................9

*Muller v. Twentieth Century Fox Film Corp.*,
    794 F. Supp. 2d 429 (S.D.N.Y. 2011)..........................................................................9, 10

*Penguin Random House LLC v. Colting*,
    270 F. Supp. 3d 736 (S.D.N.Y. 2017)........................................................................2, 4, 5

*Price v. Fox Entertainment Group, Inc.*,
    499 F. Supp. 2d 382 (S.D.N.Y. 2007)...............................................................................8

*Sapon v. DC Comics*,
    62 U.S.P.Q.2d 1691 (S.D.N.Y. 2002) .......................................................................... 6, 7-8

*Star Insurance Co. v. A&J Construction of New York, Inc.*,
    15-CV-8798 (CS), 2017 WL 6568061 (S.D.N.Y. Dec. 22, 2017)....................................4

*Walt Disney Productions v. Air Pirates*,
    345 F. Supp. 108 (N.D. Cal. 1972), *modified*, 581 F.2d 751 (9th Cir. 1978) ....................5

*Warner Bros. Inc. v. American Broadcasting Cos.*,
    720 F.2d 231 (2d Cir. 1983)...............................................................................................6

### **STATUTES**

17 U.S.C. § 106.........................................................................................................................6

17 U.S.C. § 201.........................................................................................................................2

### **TREATISE**

MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT (2023) ...................................5

Defendant Warner Bros. Entertainment Inc. ("Warner Bros.") and Third-Party Plaintiff DC Comics (collectively, "Movants") hereby submit this reply in support of their summary judgment motion against Plaintiff/Counterclaim-Defendant Christopher Wozniak ("Wozniak").

## PRELIMINARY STATEMENT

To defeat summary judgment, Wozniak was obligated to come forward with evidence – not attorney argument or his own opinions – sufficient to create a triable issue of fact. He did not. Indeed, what is remarkable about Wozniak's opposition is that he either fails to provide evidence contrary to or does not dispute the following (among other) facts:

- DC Comics' decades-long and storied history creating and publishing Batman works (Response to Local Civil Rule 56.1 Statement ("56.1 Resp."), ECF No. 71, ¶¶ 1-6);

- DC Comics holds many thousands of registrations for Batman works (*id.* ¶ 32);

- the story that is the subject of his claims (the "Story") was a Batman story (*id.* ¶¶ 23, 35);

- elements spanning hundreds of copyrighted works by DC Comics including Batman, his alter ego Bruce Wayne, the Riddler, Gotham, Commissioner Gordon, Barbara Gordon, Harley Quinn, the Batcave, the Batmobile, Alfred, and the Joker have been embedded in nearly every single sentence of the Story (*id.* ¶ 23);

- Wozniak believed he could not publish the Story without DC Comics' permission and removed Batman characters and names when attempting to sell the Story to another publisher (*id.* ¶¶ 25, 33, 38);

- Wozniak agreed in his contracts for work on Batman that DC Comics owns "the name and pictorial and literary representations of fictional characters, companies, places, and things[,]" that he had no right to claim such material without written consent (*id.* ¶¶ 14, 39), and did not receive such written consent (*id.* ¶ 40);

- Wozniak did not disclose in his application to register the Story, submitted decades after its purported creation, that it was derivative of Batman (*id.* ¶¶ 26, 41);

- Matt Reeves (writer, director, and producer of *The Batman*) conceived the original story and wrote the screenplay for *The Batman* with two partners (*id.* ¶ 9);

- Reeves wanted to create his own personal take on Batman and would have declined *The Batman* if he could not (*id.* ¶ 31);

- Reeves did not see the Story before writing *The Batman* (*id.* ¶ 27);

- no current executives at DC Comics or Warner Bros. had knowledge of the Story prior to this lawsuit (*id.* ¶¶ 19-20); and

- neither DC Comics nor Michael Uslan had any role in creating the plot for *The Batman*, and Reeves had no contact with DC Comics or Uslan during the production of *The Batman* (*id.* ¶¶ 22, 27, 30).

With these facts undisputed, the only remaining question before the Court is a purely legal one: the alleged similarity of protectable elements between the Story and *The Batman*. Each argument advanced by Wozniak with respect to this analysis ignores or controverts bedrock principles of copyright law applied in this Circuit for decades. Once the proper analysis is undertaken, there is no serious question that summary judgment must be granted to Movants.

## <u>ARGUMENT</u>

## I.    DC COMICS' COPYRIGHT CLAIM AGAINST WOZNIAK

**DC Comics' Ownership of Batman is Beyond Dispute.** DC Comics presented copyright registrations for works containing Batman (*see* 56.1 Resp. ¶ 32 (underlying declaration attaching representative samples)), which constitute *prima facie* evidence of ownership of the Batman character. *See Penguin Random House LLC v. Colting* ("*PRH*"), 270 F. Supp. 3d 736, 744 (S.D.N.Y. 2017). Neither of Wozniak's two responses carries any water, nor are they disputes of fact. First, Wozniak claims DC Comics cannot own rights in the Batman character because Bob Kane and Bill Finger first created him the late 1930s. *See* Wozniak's Opposition to Motion for Summary Judgment ("Opp. Br."), ECF No. 69, at 12. This contention betrays a fundamental misunderstanding of copyright law. The *creator* of a work is not always the *author* (and therefore, owner). *See* 17 U.S.C. §§ 201(a)-(b) (copyright vests in an author, and for works made for hire, the creators' employer is the author). Further, DC Comics' copyright registrations span decades, *see, e.g.*, Declaration of J. Kogan, ECF No. 63 ("Kogan Dec."), Ex. L (1999 certificate of a Batman work in the name of DC Comics), long after Batman's initial creation and

further delineation in thousands more works, which it indisputably created and published. *See* 56.1 Resp. ¶¶ 1-6. Thus, that Batman was created by individuals nearly a century ago (an undisputed fact) has no bearing on DC Comics' ownership of Batman as he existed in 1990, or today. *See* 56.1 Resp. ¶ 32.

Second, Wozniak contends DC Comics bears "the additional burden of proving valid chain of title" as some of the certificates in the representative sample include entities other than DC Comics. *See* Opp. Br. at 12-13 (quoting *Hartmann v. Amazon.com, Inc.*, 20-CV-4928 (PAE), 2021 WL 3683510, at *4 (S.D.N.Y. Aug. 19, 2021)). Tellingly though, Wozniak omits that this language is itself a quote from *Arista Records LLC v. Lime Group LLC*, 06-CV-5936 (KMW), 2011 WL 1641978, at *2 (S.D.N.Y. Apr. 29, 2011) (relied upon by Wozniak, *see* Opp. Br. at 19), where the court found that plaintiff established ownership by submitting "unrefuted affidavit testimony[] establishing chain of title" from in-house legal counsel for the claimant noting the claimant's corporate name changes and predecessors-in-interest. *Id.* at *4. That is precisely what DC Comics has done here. *See* 56.1 Resp. ¶ 32 (citing Kogan Dec. ¶ 4); *see also* Declaration of P. Levitz, ECF No. 62 ("Levitz Dec."), ¶ 13. In any event, Movants proffered registrations and renewals – as representative samples of many more – that list DC Comics as the owner of works containing Batman. *See* Kogan Dec. ¶ 4, Ex. I at 4-5 (listing DC Comics as claimant for 1971 Batman work), Ex. L (listing DC Comics as author of 1999 Batman work). Therefore, Wozniak has failed to raise any triable issue of fact with respect to evidence of copyright ownership.

**The Story Copied Protectable Batman Elements.** Ignoring the works submitted to the Court, the case law on protectability of characters under copyright law, and decades of precedent concerning Batman specifically, Wozniak attempts to argue his Story does not unlawfully copy Batman. *See* Opp. Br. at 13-17. Wozniak offers nothing refuting DC Comics' evidence that

Batman and other characters and elements from his universe have been sufficiently delineated to warrant protection independent of works in which they appear. *See* Movants' Brief in Support of Summary Judgment ("Mov. Br."), ECF No. 60, at 16-19; 56.1 Resp. ¶¶ 1-6, 36-37 (underlying declaration attaching works demonstrating Batman's history); Levitz Dec. ¶¶ 14-21, Exs. A-D. Rather, his arguments are solely that the Story bears no substantial similarity to such characters.[1] *See* Opp. 13-17. Those arguments fail, and utterly so.

First, Wozniak ignores his admissions that the Story is, in fact, a "Batman story" – which he not only does not refute but touts. *See* Declaration of C. Wozniak ("Wozniak Dec.") ¶ 5.[2] Admissions of this kind establish substantial similarity for infringement of characters; the Court may end its inquiry on this question here. *See* Mov. Br. at 20 (citing *PRH*, 270 F. Supp. 3d at 746-47; *Anderson v. Stallone*, 11 U.S.P.Q.2d 1161, 1165 (C.D. Cal. 1989)).

Second, Wozniak argues against a red herring, namely, that he only copied unprotectable elements such as names and ideas. *See* Opp. Br. at 15-16. But names and ideas are not the basis for DC Comics' claim; rather, the elements of "Bruce Wayne" and "Batman"; a hero wearing "a cowl"; and "use of special weaponry" along with many more[3] – all of which are delineated in Batman works in the record and all of which Wozniak indisputably has copied in the Story – *taken together* comprise Batman, and that their use in the Story shows appropriation thereof. *See* Mov. Br. at 19-22. Wozniak either does not understand or ignores this distinction; either way, it

---

[1] Wozniak also does not dispute he had access to Batman, *see* 56.1 Resp. ¶ 34.

[2] Even if it supported a denial of summary judgment – and it does not – Wozniak's declaration has not been signed and therefore cannot form the basis of a dispute in fact. *See Star Ins. Co. v. A&J Constr. of New York, Inc.*, 15-CV-8798 (CS), 2017 WL 6568061, at *6 (S.D.N.Y. Dec. 22, 2017) (unsigned affidavit inadmissible to defeat summary judgment).

[3] Wozniak further fails to address the Riddler, which he does not dispute DC Comics created (*see* 56.1 Resp. ¶ 24), as well as the other characters and story elements from Batman's universe that Wozniak appropriated as a group. *See* Mov. Br. at 16-22.

destroys his opposition to DC Comics' motion. Indeed, while "copying of a character's name is not in itself decisive, it is a factor to be considered in determining whether the *character as appropriated* is sufficiently distinctive to constitute an infringement." 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 2.12 (2023) (emphasis added) (citing *Walt Disney Prods. v. Air Pirates*, 345 F. Supp. 108 (N.D. Cal. 1972), *modified*, 581 F.2d 751 (9th Cir. 1978)); *see also PRH*, 270 F. Supp. 3d at 747 (finding infringement of a character because the infringing work "[was] not just about a 'womanizing wild guy,' but a distinctive womanizing wild guy *named* Dean who travels across the country having particular adventures with his equally distinctive friend Sal") (emphasis added).

    At bottom, the Story's use of both Batman and Bruce Wayne as alter egos, along with other distinctive characteristics, *see* Movant's Br. 19-22, is evidence of Wozniak's unlawful copying of Batman's copyright – regardless of those names' or characteristics' copyrightability standing alone. Put differently, because Wozniak "retained the names, relationships and built on the experiences of these characters from [prior Batman works] . . . [h]is characters are not merely substantially similar to [those] characters, they *are* [those] characters." *Anderson*, 11 U.S.P.Q.2d at 1167 (emphasis in original). Where, as here, "there is literal similarity . . . [i]t is not necessary to determine the level of abstraction at which similarity ceases to consist of an 'expression of ideas' since literal similarity by definition is always a similarity as to the expression of ideas." *Id.* (quoting 3 NIMMER ON COPYRIGHT § 13.03). Therefore, "protectability" of the Batman elements used in the Story separately, *see* Opp. Br. at 15-16, is irrelevant: the stolen characters are similar because they are – admittedly – the same characters. *See Anderson*, 11 U.S.P.Q.2d at 1167; *PRH*, 270 F. Supp. 3d at 747.

Finally, in attempting to distinguish *Sapon v. DC Comics*, 62 U.S.P.Q.2d 1691 (S.D.N.Y. 2002), *see* Opp. Br. at 16-17, Wozniak again misstates the law. The notion that "visual similarity" of the characters must exist to establish infringement is absurd as it would create different sets of rules for written and visual works under copyright law. Of course, Wozniak has offered no support for such a position; to the contrary, as Wozniak's own cited authority states: "[i]n determining whether a character in a second work infringes a cartoon character, courts have generally considered not only the visual resemblance but also the totality of the characters' attributes and traits." *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 241 (2d Cir. 1983). Wozniak's thus fails to overcome the undisputed proof of DC Comics' ownership of Batman and his universe, and Wozniak's unlawful copying of them.

Wozniak's consent and statute of limitations defenses fare no better. *See* Opp. Br. at 17-18. Both ignore that DC Comics' claim stems not from the alleged creation of the Story in 1990 but rather from Wozniak's attempt to use it as a basis to sue its licensee Warner Bros. in 2022, tantamount to a claim of ownership of Batman by Wozniak. *See* Mov. Br. at 16; Kogan Dec. ¶ 11. Wozniak's submission of Batman stories to DC Comics does not constitute consent by DC to Wozniak's claim of ownership of derivative works (the copyright owner's exclusive right, *see* 17 U.S.C. § 106), nor the Batman characters and story elements contained therein, particularly given Wozniak's contractual obligation to claim no rights in DC Comics material without *written* consent – which Wozniak never received. *See* 56.1 Resp. ¶¶ 39, 40; *see also Lee v. United States*, 895 F.3d 1363, 1370 (Fed. Cir. 2018) ("the existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter, unless the implied contract is entirely unrelated to the express contract") (citations omitted). In the same vein, Wozniak's submission in 1990 did not trigger the three-year statute of limitations; the earliest

DC Comics could have discovered Wozniak's claim to ownership of any copyright in the Story is with his registration in 2022 (56.1 Resp. ¶ 26). The claim is therefore timely.

Summary judgment on DC Comics' infringement claim should be granted.

## II.    WOZNIAK'S CLAIM AGAINST WARNER BROS.

Wozniak also fails to offer any evidence creating a triable issue on his infringement claim against Warner Bros. *See* Opp. Br. At 19-23.[4] As a result, it must be dismissed.

**Independent Creation is Undisputed.** Wozniak proffers no evidence contesting the independent creation of *The Batman*. *See* 56.1 Resp. ¶¶ 27, 30, 31. Warner Bros. is entitled to summary judgment on this ground alone. *See* Mov. Br. at 15-16.

**Wozniak Cannot Establish Ownership.** Movants explain above, *see* Section I, *supra*, why Wozniak's registration certificate is not evidence of his ownership: he obtained it decades after creation of the Story and failed to disclose the Story as an authorized derivative that includes material he does not own. *See* Mov. Br. at 11 n.4, 22-23.[5] Wozniak's only response is to cite his faulty legal arguments regarding similarity discussed above. *See* Section I, *supra*. However, Wozniak does not dispute that elements from Batman's universe pervade "nearly every sentence of the Story" (*see* 56.1 Resp. ¶ 23 (objecting only to the characterization)) or the inescapable legal conclusion that because the Story "contains substantial copyrighted elements of DC Comics' Batman" it cannot be copyrightable to him. *See* Mov. Br. at 9-11 (citing *Sapon*, 62

---

[4] Wozniak does not dispute that if there is no direct infringement, his claims for secondary liability also fail. *See* Mov. Br. at 8, 16 n.9.

[5] For the same reasons, Wozniak has committed fraud on the Copyright Office. *See* Mov. Br. at 22-23. Wozniak does not dispute the facts underlying his fraud. 56.1 Resp. ¶¶ 38-41. His mere affirmation that Movants have not shown intent is belied by his undisputed contractual obligations to DC Comics; he plainly knew what he could and could not claim, and proceeded regardless.

U.S.P.Q.2d at 1699). Thus, if the Court determines those elements indeed are protected, as it must, then the Court must also find that Wozniak owns no valid copyright.

**Wozniak Cannot Establish Access.** Wozniak's alleged submissions to DC Comics[6] and Uslan do not show access. *See* Mov. Br. at 11-12. Wozniak fails to offer any evidence disputing these facts, *see* 56.1 Resp. ¶¶ 22, 27, 30 (no involvement by DC Comics or Uslan in creation of the screenplay by Reeves), and offers no other path to proving this required element of his claim. *See* Opp. Br. at 20-21. Striking similarity does not save him, as it requires that "copying is the *only realistic basis for the similarities* at hand" – a stringent standard. *Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382, 386 (S.D.N.Y. 2007) (citations omitted) (emphasis in original). The Story and *The Batman*, as discussed below, do not share any protectable similarity, much less striking similarity; the only reason they could be characterized as similar at all is obvious and undisputed: both are stories featuring DC Comics' Batman and his universe, one unauthorized (the Story) and one authorized (*The Batman*). *See also* Mov. Br. at 12-14.

**Wozniak Cannot Establish Similarity.** To try and avoid summary judgment, Wozniak identifies what he claims are "97 original elements" he believes to be similar. *See* Opp. Br. at 22-23 (citing Wozniak Dec.). But this does not create a factual dispute on similarity, and Wozniak's framing of the analysis – ignoring the vital step of looking at what elements the claimant can own under copyright law – would lead the Court into error if followed. Rather, a court should refuse an infringement claim on grounds of lack of substantial similarity on summary judgment "when any similarities between the works relate only to non-copyrightable elements or when no

---

[6] As a threshold matter, Wozniak's "evidence" for DC Comics' awareness of Wozniak's submission, the quoted testimony of Mr. Levitz, is not actually in the record. *Compare* Opp. Br. at 21 (citing R. Parker Decl. Ex. A at 138) *with* Parker Decl., ECF No. 70, Ex. A (no page 138). In any event, it is clear from the quote that the testimony was in reference to awareness of the submission *from this lawsuit*, not from the time it was submitted. Opp. Br. at 21 (referencing the Complaint).

reasonable jury could find the two works substantially similar[.]" *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 441 (S.D.N.Y. 2011) (Chin, J.) (citation omitted), *aff'd sub nom. Muller v. Anderson*, 501 F. App'x 81 (2d Cir. 2012). In *Muller* (discussed in depth by Movants and ignored by Wozniak), the court granted summary judgment to defendants in the face of "a list of several hundred alleged similarities" because such similarities were either not similar or unprotectable. 794 F. Supp. 2d at 443.

Likewise, here, the similarities Wozniak lists are limited only to unprotectable elements, such as ideas, stock themes, scènes à faire, or are material not owned by him, as shown by his failure to identify *any* expression such as dialogue or scenes from the film which match his written descriptions from the Story in discussing similarity. *See* Opp. Br. at 22-23; *see also* Mov. Br. at 12-14. His narrative exposes that the alleged similarity exists only at a level of abstraction that cannot give rise to a copyright claim, for example: "the Riddler that [sic] a loner and serial killer is an original expression of the Riddler idea that is found in The Batman motion picture[.]" Opp. Br. at 22. Regardless of his bare assertion to the contrary, a character that is a loner and serial killer is an idea, and hardly an original one at that. He further contends that the works are similar because both involve Batman, the Riddler, Commissioner Gordon, Gotham and other characters (despite arguing the opposite on DC Comics' claim against him), *see* Opp. Br. at 15,[7] but does not dispute that these characters appeared and were delineated in thousands of prior Batman works owned by DC Comics, *see* 56.1 Resp. ¶¶ 1-6; *see also* Section I, *supra*, or contractual obligations disavowing his ownership of the "*name . . . and literary representations of fictional characters, companies, places, and things*" from Batman works. *See* 56.1 Resp. ¶ 39 (emphasis added). Other "similarities" actually differ between the works. *See, e.g.*, 56.1 Resp. ¶

---

[7] Wozniak's claim differs from DC Comics' claim, as Wozniak claims infringement of a single story; DC Comics has claimed infringement of its characters as delineated in thousands of works.

29 ("Judgment Day/Armageddon" is expressed differently in the works). Simply put, comparison of the Story and *The Batman*, upon filtering out from the former unprotectable elements and those owned by DC Comics, reveals "the inescapable fact that the two works tell two very different stories." *Muller*, 794 F. Supp. 2d at 443. This compels summary judgment in favor of Warner Bros.

## CONCLUSION

Wozniak's opposition fails to raise any genuine dispute regarding the claims and counterclaims in this case. Instead, he advances arguments that completely ignore or misapply the law based on his unfounded belief that *The Batman must* be based on the Story, ignoring how the law requires the Court to examine copyright claims of the nature asserted by the parties in this action. When the undisputed facts are applied to the law, a ruling against Wozniak – through his unauthorized attempt to use his Story to claim rights in DC Comics' Batman, cannot hold Warner Bros. liable for infringement as matter of law – is inescapable, not simply because Wozniak does own Batman and never could, but because the Story and *The Batman* are not actionably similar. Summary judgment exists to prevent such claims from reaching trial and Movants respectfully request that their motion be granted accordingly.

Dated:  December 15, 2023
        New York, New York

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____

James D. Weinberger (jweinberger@fzlz.com)
Kimberly B. Frumkin (kfrumkin@fzlz.com)
Andrew Nietes (anietes@fzlz.com)
151 West 42nd Street, 17th Floor
New York, New York 10036
(212) 813-5900

*Counsel for Defendant Warner Bros. Entertainment
Inc. and Third-Party Plaintiff DC Comics*