

151 West 42nd Street, 17th Floor
New York, NY 10036

**James D. Weinberger**
Partner

T 212.813.5952
jweinberger@fzlz.com

January 24, 2024

**BY ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for
  the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Wozniak v. Warner Bros. Ent. Inc.*, No. 1:22-cv-8969-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

We are counsel to Defendant Warner Bros. Entertainment Inc. ("Warner Bros") and Third-Party Plaintiff DC Comics in the above-referenced action. We submit this supplemental letter brief pursuant to the Court's January 18, 2024 Order (ECF No. 75) directing the parties to answer two questions arising from oral argument.

As to the first question, at least one court in this Circuit has held that because applying for a registration requires the applicant to submit a copy of the work as part of the application, 17 U.S.C. § 408(b), "making that deposit copy and delivering it to the Copyright Office infringed plaintiffs['] exclusive rights to 'reproduce' and 'distribute' copies of the copyrighted work." *Peterson v. Kolodin*, 13-CV-0793 (JSR), 2013 WL 5226114, at *9 (S.D.N.Y. Sept. 10, 2013) (citing 17 U.S.C. § 106(1), (3)). Thus, Wozniak's application to register the Batman story that is the subject of his claims against Warner Bros. (the "Story") in 2022 constituted a new act of infringement from which a new accrual period for statute of limitations began to run. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("[W]hen a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong.").

As to the second question, we have been unable to locate authority that directly addresses whether filing a lawsuit based on an infringing work constitutes an independent act of infringement *per se*. However, as set forth herein, because DC Comics' infringement claim is based on Wozniak's repudiation of DC Comics' ownership, for purposes of determining accrual of the statute of limitations, the answer is also "yes." The Second Circuit has held that in an

Hon. Paul A. Engelmayer, U.S.D.J.
January 24, 2024
Page 2

infringement claim where "a plaintiff's copyright ownership is not conceded . . . copyright ownership, and not infringement, is the gravamen of the plaintiff's claim to which the statute of limitations is applied." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted); *see also Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 738 F. App'x 722, 724 (2d Cir. 2018) (tying claim of ownership to infringement claim for statute of limitation purposes); *Ferrarini v. Irgit*, No. 21-0597, 2022 WL 1739725, at *1 (2d Cir. May 31, 2022) (tying claim of ownership to infringement claim where defendants "made clear" plaintiff's ownership of the infringed work was in dispute). "An ownership claim accrues only once, when 'a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.'" *Id.* at 228 (citation omitted). Where the defendant's conduct does not amount to an "effective repudiation" of ownership, the statute of limitations does not run. *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118-20 (2d Cir. 2018) (finding no repudiation of ownership to trigger statute of limitations).

Here, Wozniak, despite his decades-old acknowledgement of DC Comics' ownership of Batman, challenged such ownership for the first time when he filed his action against DC Comics' licensee Warner Bros. *See, e.g.*, Wozniak's Opposition to Motion for Summary Judgment ("Opp. Br."), ECF No. 69 at 12. In claiming that *The Batman* was based on the Story, and that he was the owner of the Batman material therein, Wozniak effectively repudiated DC Comics' ownership thereof, making filing of the lawsuit the relevant date when DC Comics' ownership claim accrued. *See Ferrarini*, 2022 WL 1739725, at *1 ("the relevant statute of limitations inquiry was therefore when [plaintiff] had notice of the ownership dispute").

The undisputed facts dictate this result. Wozniak's actions in the 1990s, when he created the Story, can hardly be considered a repudiation of ownership. To the contrary, he submitted the Story for publication and accepted that he could not publish when it was rejected. (Response to Local Civil Rule 56.1 Statement ("56.1 Resp."), ECF No. 71 ¶¶ 18, 33.) He subsequently entered into agreements with DC Comics acknowledging its ownership of Batman. (*Id.* ¶¶ 14, 39, 40.) He did not protest these facts or otherwise signal to DC Comics that he considered the Story to be his property exclusively; rather, when he brought the Story to another publisher, he *removed* Batman elements in order to avoid the very claim that DC Comics asserts in this action. (*Id.* ¶¶ 25, 33, 38.) In other words, from DC Comics' perspective, there was no claim to bring prior to 2022. The application to register the Story and subsequent filing of a lawsuit based upon it, the latter in October 2022, thus triggered the statute of limitations, since this is the first time that Wozniak took any step of which DC Comics could have been aware that he was asserting a claim to the Batman characters that appear in the Story, putting DC Comics on notice as to Wozniak's repudiation of its ownership. And because ownership is the "gravamen" of DC Comics' claim, the date of Wozniak's repudiation of its ownership must govern. *See Kwan*, 634 F.3d at 228-30; *Distribuidora De Discos Karen C. por A. v. Universal Music Grp.*, 13-CV-7706 (JPO), 2017 WL 1019697, at *11 (S.D.N.Y. Mar. 15, 2017) ("because the Court denies the motion for judgment on the pleadings as to the ownership issue [that the claim was time-barred], it must also be denied as to the issue of infringement"). DC Comics filed its counterclaims against Mr. Wozniak just two months later, well within the statute of limitations. *See* ECF No. 21. While the facts here differ from the typical case in which this rule applies (*i.e.* an earlier date of repudiation of ownership results in the time-barring of a later infringement claim), this does not lead to a different result.

In sum, because the required submission of the deposit copy of the Story constituted a separate act of infringement, and because the filing of this lawsuit and the resulting repudiation of DC Comics' ownership of Batman is operative for purposes of determining the date the statute of limitations began to accrue with respect to the creation of the Story in 1990, Wozniak's statute of limitations defense cannot defeat DC Comics' infringement claim on summary judgment.[1]

Respectfully submitted,

James D. Weinberger

cc: Counsel of record via ECF

---

[1] Wozniak's statute of limitations defense cannot defeat DC Comics' motion for two additional reasons. *First*, Wozniak has not met his burden of establishing that DC Comics had adequate knowledge of his infringement in 1990. The record only shows that Wozniak submitted the Story to editors at DC Comics, individuals who were not executives and therefore could not impute knowledge to DC Comics at a corporate level. *See* 56.1 Resp. ¶¶ 19-20; Ex. B to Declaration of James D. Weinberger (Transcript of Deposition of Christopher Wozniak, July 12, 2023 ("Wozniak Dep.")), ECF No. 66-2 at 144:3-145:5 (testifying purported submissions were not to officers or directors, only to "employees"); Declaration of Paul Levitz, ECF No. 62 ¶¶ 22-24 (as President and Publisher of DC Comics at the time, he had no awareness of the Story and would have had there been reason to know). *See also Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, 399 F. Supp. 3d 120, 138 (S.D.N.Y. 2019) (agent's knowledge not imputed to plaintiff because he "cannot be considered [plaintiff's] agent with respect to copyright claims").

*Second*, the record shows that Wozniak created new copies of his story in 2008, 2010, and after 2011 of which DC Comics was not aware, providing separate claims of infringement and rendering the instant claim timely. *See* Wozniak Dep. at 151:10-152:7 (testifying as to creation and distribution of different versions of the Story in 2008 and 2010 including a different "Joker ending"); *id.* at 81:4-83:9 (testifying as to reproduction of the Story in various formats after 2011); 56.1 Resp. ¶ 18 (last submission to DC Comics editors was in 1999). As set forth above, each act of creating new versions and distribution of copies constitutes a new act of infringement, *Petrella*, 572 U.S. at 671, and DC Comics did not learn and could not have learned of them until Wozniak was deposed, *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020) ("an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement.") (citation omitted).